UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**EDWARD RAIFSNIDER**                                                              **PETITIONER**

**v.**                                                       **CIVIL ACTION NO. 3:08-CV-P62-R**

**STATE OF KENTUCKY et al.**                                                    **RESPONDENTS**

### MEMORANDUM OPINION

Petitioner Edward Raifsnider was convicted in this Court in March 2006 and sentenced to 180 months in prison.  *United States v. Raifsnider*, No. 3:05-CR-6-H.  He is currently incarcerated in the federal correctional complex in Beaumont, Texas.

He filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Texas (DN 2).  The Eastern District of Texas has transferred Petitioner's § 2241 petition to this Court because Petitioner is contesting the propriety of a detainer lodged against him by Kentucky authorities (DN 5).

In his petition, Petitioner alleges that the Interstate Agreement on Detainers (IAD) was violated when, while in the custody of the U.S. Marshals Service in Louisville, Kentucky, he was not afforded an opportunity to answer all other pending charges against him in the State of Kentucky.  As his second ground for relief, Petitioner asserts that his right to a speedy trial was violated because under the IAD, a prisoner must be brought to trial within 120 days after the receiving state has received the prisoner in its jurisdiction.  He asserts that he was brought to Kentucky in June 2006 and returned on December 2006 without being brought to trial in state court.  Finally, Petitioner alleges that his right to be free from double jeopardy has been violated because he has pleaded guilty to the same charges outlined in the state's pending charges.

Petitioner lists the following as Respondents:  the State of Kentucky; Jefferson County,

Kentucky; Carlisle County, Kentucky; and Marshall County, Kentucky.[1]  As relief, Petitioner requests that the Court find that all Respondents are in violation of all of the grounds raised in the petition; dismiss the pending charges in the state court; moot the detainers lodged against him; and have the Bureau of Prisons remove the warrants pending from the State of Kentucky.

**I.     Allegations of Violations of the IAD**

Petitioner claims that the IAD was violated when he was not afforded the opportunity to address all of the charges against him while he was in Kentucky and because he was not brought to trial in state court within 120 days after arriving in Kentucky.  Petitioner seeks the dismissal of the underlying state court criminal charges and the detainer and warrants lodged against him.

"The IAD[2] is a congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction." *Norton v. Parke*, 892 F.2d 476, 477 n.2 (6th Cir. 1989).  Kentucky, a signatory of the IAD, has codified it at Ky. Rev. Stat. § 440.5450.

Generally, in the Sixth Circuit, violations of the IAD cannot form the basis for habeas corpus relief.  *Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988); *Metheny v. Hamby*, 835 F.2d 672, 675 (6th Cir. 1987).  Even if the relief Petitioner seeks were available under 28 U.S.C. § 2241, Petitioner's action would necessitate dismissal for his failure to exhaust administrative

---

[1] The Court notes that Petitioner has not named the proper respondents.  "[A] writ of habeas corpus, if granted, must be directed 'to the person having custody of the person detained.'" *De Los Santos v. United States*, 133 Fed. Appx. 992, 992-93 (6th Cir. 2005) (citing 28 U.S.C. § 2243; *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973)).  However, because his petition will be dismissed for failure to exhaust, the Court need not address the issue of the improperly named respondents at this time.

[2]  *See* 18 U.S.C.A. App. § 1 *et seq.*

and state court remedies.

Petitioner has not alleged that he exhausted the formal procedure laid out in the IAD. Prisoners challenging extradition actions must pursue the remedies laid out in the IAD before seeking habeas relief in federal court. *Norton*, 892 F.2d at 480 (court described the various IAD forms to be used in requesting relief under the IAD). As the Sixth Circuit held in *Norton*, it is not enough to file pleadings in the state court invoking the IAD. *Id.* at 480-81.

Not only has Petitioner not exhausted his remedies under the IAD, he has not exhausted his state court remedies. A review of the petition reveals that in September 2007 he filed motions in the circuit courts of Jefferson, Carlisle, and Marshall counties for dismissal of charges. Although he asserts that the state courts in question have refused to rule on his motion, there is no indication that the motions are futile. He does not indicate that he has filed anything with the Kentucky appellate courts having jurisdiction over the above-mentioned circuit courts regarding their failure to rule on his motions. For exhaustion to occur the state courts must have a full opportunity to resolve any constitutional issues, including one full round of the state's established appellate review process.[3] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In addition, with regard to his claim that he should have been afforded a trial within 120 days, Petitioner does not ask that he be given a speedy trial, only that the charges against him be dismissed and the detainer mooted. Yet, he puts forth no special circumstances permitting pretrial habeas corpus consideration in this case. *Atkins v. People of State of Mich.*, 644 F.2d 543, 547 (6th Cir. 1981).

---

[3] However, under Rule 12.05 of the Kentucky Rules of Criminal Procedure, it is not necessary to file a motion for discretionary review with the Kentucky Supreme Court to exhaust state-court remedies.

3

Petitioner's claims regarding the IAD must be dismissed for failure to exhaust.

## II.     Allegations regarding Double Jeopardy

Petitioner argues that Respondents are in violation of the Double Jeopardy Clause because the state's charging instrument lists the same offenses to which he already has pleaded guilty in federal court. Even assuming that this pretrial habeas petition raising grounds of double jeopardy were appropriate, Petitioner has failed to show that he has exhausted his state court remedies regarding this claim. *Atkins*, 644 F.2d at 549 (Sixth Circuit noted that, although double jeopardy claim may be asserted prior to trial *via* habeas petition, petitioner in such a case must demonstrate exhaustion in state court). As with his claims regarding the IAD, Petitioner has not demonstrated that he has pursued appellate review in the state court system for the Kentucky Circuit courts' failure to rule on his motions raising double jeopardy as a defense against the charges pending against him. It is a habeas petitioner's burden to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Consequently, this claim also must be dismissed for failure to exhaust.

Date:

cc:     Petitioner, *pro se*
        Respondents
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
           1024 Capital Center Drive, Frankfort, KY 40601
4413.009

4